IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARLIN SANTANA THOMAS,<br><br>    Defendant. | No. 4:20-CR-0118-JAJ<br><br>**BRIEF IN SUPPORT OF<br>MOTION TO SUPPRESS** |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 2
EXHIBITS ....................................................................................................................................... 3
PROCEDURAL AND FACTUAL BACKGROUND ..................................................................... 3
ARGUMENT ................................................................................................................................... 7
   I.   The Court should suppress the April 2020 extractions obtained from the Samsung Galaxy S8+ and the Samsung Galaxy J1 because of the unreasonable delay in seeking a search warrant to obtain those extractions. ..................................................................... 7
        A.  The Court should accept this motion which is filed without unreasonable delay and with reliance on recently issued precedent. ................................................................. 7
        B.  The Court should suppress the extractions of the Samsung Galaxy S8+ and Samsung Galaxy J1 obtained pursuant to the April 2020 search warrants. ................................. 9
   II.  If the Court does not grant this motion, the Court should exclude the April 2020 extractions, or summaries of those extractions, at trial unless the government lays the proper foundation and sufficiently authenticates those extractions. ................................ 13
CONCLUSION .............................................................................................................................. 14

## **INTRODUCTION**

In June 2017, DMPD obtained an extraction for a Samsung Galaxy S8+ pursuant to a state search warrant. In March 2018, DMPD obtained an extraction for a Samsung Galaxy J1 pursuant to a federal search warrant. Mr. Thomas is not moving to exclude those extractions, which were obtained pursuant to search warrants and a showing of probable cause without unreasonable delay.

However, Mr. Thomas now moves this Court to suppress new extractions obtained for the Samsung Galaxy S8+ and the Samsung Galaxy J1 in April 2020 pursuant to a search warrant obtained in April 2020. The Court should suppress the extractions obtained pursuant to the April 2020 search warrants, because of the unreasonable delay between the seizure of the cell phones and the application for the warrants to obtain those extractions. *See United States v. Nguyen*, No. 1:19-cr-00004-JAJ, Dkt. No. 171 (filed Mar. 16, 2021). There is no reasonable explanation for the delay in, or need for, the April 2020 extractions.

While this motion to suppress is submitted after the pretrial motion deadline, good cause justifies the filing of this motion now. First, regarding the Samsung Galaxy S8+, the government did not produce the April 2020 extraction to defense counsel, despite his requests for it, until March 5, 2021. Until that point, defense counsel had been led to believe that such an extraction did not exist. And until that point, there was nothing for defense counsel to move to suppress. Second, regarding the Samsung Galaxy J1, the April 2020 extraction for that phone was likewise produced after the discovery deadline, after briefing was completed on the Motion to Dismiss. With the production of the Samsung Galaxy J1's April 2020 extraction, defense counsel had in his possession two extractions – one from March 2018, which he does not seek to suppress, and another from April 2020, that was substantially identical (with the same call logs, text messages, and contacts) to the March 2018 extraction. Only recently has the government informed counsel

that it will intend to rely on the April 2020 extraction, and not seek introduction of the March 2018 extraction, for the Samsung Galaxy J1. To the extent the government seeks to rely on the April 2020 extraction for the Samsung Galaxy J1, the Court should not allow it, and suppress that evidence due to the unreasonable delay in obtaining it.

Alternatively, Mr. Thomas will be seeking exclusion of the extractions for these phones absent the government laying the proper foundation and authenticating those extractions, under Rule 901.

## EXHIBITS

This brief refers to, cites, and incorporates exhibits that have already been filed in the record in Defendant's Motion to Dismiss, the Government's Response to that Motion, and the Defendant's Reply Brief for that Motion. These exhibits are referred to by the docket number of their filing. Additional exhibits not yet included in the records are the following:

| | |
|---|---|
| Exhibit AG | Extraction Report for Samsung Galaxy S8+, June 2, 2017 MST-FPD-08883–85 (excerpt) |
| Exhibit AH | Extraction Report for Samsung Galaxy J1, Mar. 19, 2018, at MST-FPD-009676 (excerpt) |
| Exhibit AI | Extraction Report for Samsung Galaxy S8+, Apr. 16, 2020, at pp.1 and 2 |
| Exhibit AJ | Extraction Report Samsung Galaxy J1, Apr. 24, 2018, at pp. 1 and 2 |

## PROCEDURAL AND FACTUAL BACKGROUND[1]

In February 2017, the DMPD began a sex trafficking and heroin trafficking investigation into Mr. Thomas. (Ex. B to Def.'s Mot. to Dismiss, Dkt. No. 30-3, at MST-FPD-010082–84.) On

---

[1] The following summary is not a stipulation of fact. It is only a summary of information disclosed by the government in discovery. Defendant reserves the right to introduce exhibits not referenced in this summary at any hearing and to dispute the facts and charges alleged.

3

June 2, 2017, DMPD Officer Michael Westlake obtained a state search warrant for a Samsung Galaxy S8+ that was identified as belonging to Mr. Thomas. (Ex. D to Def.'s Mot. to Dismiss, Dkt. No. 30-5, MST-FPD-008871–82.) An extraction of that phone was conducted on June 2, 2017, although the extraction produced for that phone is incomplete. (Ex. AG attached hereto, Extraction Report for Samsung Galaxy S8+, June 2, 2017 MST-FPD-08883–85.)

According to DMPD Officer Wilshusen, in January and February 2018, Officer Wilshusen received information from a confidential source concerning Mr. Thomas's involvement in heroin distribution. (Ex. E to Def.'s Mot. to Dismiss, Dkt. No. 30-6, at MST-FPD-000012.) On February 28, 2018, DMPD obtained a federal search warrant at 5512 Meredith Drive, Apt. #2 and a Gray 2009 Audi AA4 in reference to Mr. Thomas. (Ex. F to Def.'s Mot. to Dismiss, Dkt. No. 30-7, at MST-FPD-000036–44.) That same day, DMPD executed that federal search warrant. During that search, law enforcement found a Samsung Galaxy J1 phone and Samsung Galaxy Note 8. (Ex. G to Def.'s Mot. to Dismiss, Dkt. No. 30-8, at MST-FPD-000059.) On February 28, 2018, Mr. Thomas was charged in a Criminal Complaint in case number 4:18-mj-00130 with distribution of a mixture and substance containing heroin in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C). [Case No. 4:18-cr-0051-JAJ, Dkt. No. 2.]

On March 9, 2018, DMPD Officer Todd Wilshusen obtained a federal search warrant for the Samsung Galaxy J1 and Samsung Galaxy Note 8, both seized from 5512 Meredith Drive on February 28, 2018. (Ex. I to Def.'s Mot. to Dismiss, at MST-FPD-000021–28; Ex. AA to Def.'s Mot. to Dismiss, at MST-FPD-010319–37.) That search warrant resulted in an extraction of the Samsung J1 dated March 19, 2018. (Ex. AH attached hereto, Extraction Report for Samsung Galaxy J1, Mar. 19, 2018, at MST-FPD-009676.)

On April 10, 2018, DMPD obtained another state search warrant for the Samsung Galaxy J1. (Ex. K to Def.'s Mot. to Dismiss, Dkt. No. 30-12, at MST-FPD-008893–904.) The cover sheet for that search warrant indicates that the warrant was executed on March 19, 2018 – suggesting there was no extraction conducted pursuant to this search warrant. (*Id.* at MST-FPD-008893.)

Over the course of 2018, to 2019, to 2020, DMPD continued their investigation into alleged sex trafficking by Mr. Thomas. A full recitation of the numerous steps taken by officers to investigate alleged sex trafficking by Mr. Thomas is provided in Defendant's Motion to Dismiss and Reply in Support, at Dkt. Nos. 30 and 44, and Mr. Thomas incorporates that recitation in this brief.

On April 10, 2020, almost three years after the Samsung Galaxy S8+ was seized and then its contents extracted in June 2017, DMPD Officer Brady Carney applied for a search warrant for the Samsung Galaxy S8+. (Ex. 1 to Gov't's Resp. to Mot. to Dismiss, Dkt. Not. 36-1.) Significantly, the affidavit in support of the April 2020 search warrant for the Samsung Galaxy S8+ relies, almost exclusively, on information known to law enforcement from its investigation in 2017 and the first half of 2018, about two years before the application for the search warrant. (*See id.*) The only additional information learned after June 2018 is information regarding an interview of a suspected "John" of Victim A on March 31, 2020. (*Id.* ¶ 33.) The Samsung Galaxy S8+ was extracted for the second time on April 16, 2020, and the report for that extraction was created on April 24, 2020. (Ex. AI, Extraction Report for Samsung Galaxy S8+, Apr. 16, 2020, at pp.1 and 2.)

Regarding the Samsung Galaxy S8+, defense counsel noticed during the course of reviewing the discovery that an extraction for this phone had not been produced during the initial production of discovery by the government. After inquiring about the extraction for the Samsung

Galaxy S8+, in an email dated February 1, 2021, AUSA Virginia Bruner informed defense counsel that she was "99% sure that they were unable to perform an extraction . . . of the Samsung Galaxy S8+ seized in 2017. I'll confirm with Officer Carney and let you know if that's not the case. The physical phones are still in evidence." On March 5, 2021, defense counsel followed up again regarding any extractions for the Samsung Galaxy S8+ seized in 2017. In an email dated March 5, 2021, AUSA Virginia Bruner wrote that she "went back through the reports and talked again to Brady Carney" about the Samsung Galaxy S8+. AUSA Bruner wrote that she "had thought they couldn't do an extraction, but it turns out they did get a partial extraction" in 2017 through DMPD Officer Michael Westlake, but that "we could not locate the extraction Westlake had done in 2017; all I have is the few pages in the report that you referenced." AUSA Bruner stated that DMPD "did the second extraction after the federal warrant" for the Samsung Galaxy S8+ in 2020 and Officer Carney had made her aware of that extract, which had not yet been produced. On March 5, 2021, the government disclosed, for the first time, the extraction for the Samsung Galaxy S8+ (which is dated April 16, 2020).[2]

On April 24, 2020, Officer Carney applied for a new search warrant for the Samsung Galaxy J1 (the same phone for which search warrants had been obtained in March and April 2018). (Ex. 10 to Gov't's Resp. to Mot. to Dismiss, Dkt. No. 36-10.) Like for the second application for a search warrant for the Samsung Galaxy S8+ in April 2020, the April 2020 affidavit seeking a third search warrant for the Samsung Galaxy J1 nearly exclusively identifies information that was already known to law enforcement from its investigation in 2017 and the first half of 2018, about two years before the application for the search warrant. (*See id.*) The only information included

---

[2] Due to the size of the extraction, defense counsel's staff did not upload the extraction to the Federal Public Defender's Office's servers until the following week, on March 11, 2021.

6

in the affidavit that post-dates June 2018 is information regarding FBI-provided Backpage ads on April 15, 2020 (*id.* ¶ 18) and information obtained during an interview of a suspected "John" on March 31, 2020 (*id.* ¶ 35). The Samsung Galaxy J1 was extracted on April 24, 2020, and the report for that extraction was created on April 24, 2020. (Ex. AJ, Extraction Report for Samsung Galaxy J1, Apr. 24, 2018, at pp. 1 and 2.)

Regarding the Samsung Galaxy J1, defense counsel noticed that an extraction pursuant to the April 2020 extraction was not made available in the initial discovery disclosures by the government. After notifying the government of the missing discovery, the government produced the extraction for the Samsung Galaxy J1 (dated April 24, 2020) on December 11, 2020. (Ex. AJ attached hereto, Extraction Report Samsung Galaxy J1, Apr. 24, 2018, at pp. 1 and 2.) The April 24, 2020, extraction for the Samsung Galaxy J1 (Ex. AJ) is substantially similar to the extraction of the same phone dated March 19, 2018 (Ex. AH).

Recently, in the course of preparing for trial, the government has indicated that it does not intend to call DMPD Officer Wilshusen or Officer Westlake. Also, the government recently has indicated that it does not intend to rely on any evidence from the March 2018 extraction of the Samsung Galaxy J1, but rather it will attempt to rely exclusively on the April 2020 extraction of that phone.

## ARGUMENT

I. **The Court should suppress the April 2020 extractions obtained from the Samsung Galaxy S8+ and the Samsung Galaxy J1 because of the unreasonable delay in seeking a search warrant to obtain those extractions.**

   A. **The Court should accept this motion which is filed without unreasonable delay and with reliance on recently issued precedent.**

Defendant recognizes that the pretrial motion deadline in this case was December 18, 2020. He also recognizes that, under Federal Rule of Criminal Procedure 12, a pretrial motion to suppress

must be made prior to deadlines set by the Court, if the Court sets a deadline for filing the pretrial motions before trial. Rule 12(b)(3)(D), (c)(1). However, a significant exception exists for filing pretrial motions after the deadline for good cause. If the party shows good cause, the Court may consider the motion. Rule 12(c)(3). Good cause requires "a showing of cause and prejudice." *United States v. Blanks*, 985 F.3d 1070, 1072 (8th Cir. 2021) (quoting *United States v. Fry*, 792 F.3d 884, 888 (8th Cir. 2015)).

Here, there is good cause. First, as to the Samsung Galaxy S8+, the government had not made any extraction for that phone available until Friday, March 5, 2021. Defense counsel's staff then retrieved the produced extraction the following week and downloaded that extraction for defense counsel's review. Until then, there was no basis for filing any motion to suppress, because there was nothing yet received to suppress. This motion is filed within two weeks of the government producing that extraction.

Second, as to the Samsung Galaxy J1, the extraction obtained pursuant to the April 2020 search warrant was produced by the government on December 11, 2020, after a request for that extraction by defense counsel. Prior to that request, defense counsel had received the March 2018 extraction for the Samsung Galaxy J1 obtained by law enforcement pursuant to the March 2018 search warrant. The extractions for the Samsung Galaxy J1 – the April 2020 extraction and the March 2018 extraction – are substantially the same. The two extractions are for the same phone. They show the same text messages, the same phone calls, and the same contacts. Not until more recently, as the parties have begun to have pretrial discussion and prepare for trial, has the government made clear that it would not be relying on the March 2018 extraction at all. Also, more recently, in early March, the government has made clear that it does not intend to call Officer Wilshusen in its case-in-chief. The reason for the government's determination to rely on the April

2020 extraction, not the March 2018 extraction, is possibly due to the government's determination that it will not be calling Officer Wilshusen.

In addition, defense counsel became aware, on March 16, 2021, of a recent order from this Court granting a motion to suppress under similar circumstances – for a *prima* facie unreasonable 27-month delay in obtaining a search warrant for a phone. *See* Opinion and Order Granting Motion to Suppress, *United States v. Tu Ahn Nguyen*, No. 1:19-cr-00004-JAJ, Dkt. No. 171 (filed Mar. 16, 2021). This case, and its legal reasoning's application to this case, are discussed below.

Considering all of the above, the Court should consider Defendant's motion to suppress.

### B. The Court should suppress the extractions of the Samsung Galaxy S8+ and Samsung Galaxy J1 obtained pursuant to the April 2020 search warrants.

In *United States v. Nguyen*, this Court granted a motion to suppress in similar circumstances. In that case, a cell phone was seized on November 2, 2018, in Mississippi by law enforcement. *Nguyen*, No. 1:19-cr-00004-JAJ, Dkt. No. 171, at p.1. The defendant was charged in an original indictment on December 21, 2018. *Id.* Superseding indictments were then obtained adding or lengthening charges for the defendant on April 23, 2019, and December 30, 2019. *Id.* At some unidentified time, a Special Agent with the Iowa Division of Narcotics Enforcement learned that law enforcement in Mississippi had obtained the cell phone on November 2, 2018, but not searched it. *Id.* at p.2. On January 13, 2021, the Special Agent asked for the cell phone, and he received it on January 18, 2021. *Id.* On February 12, 2021, the Special Agent sought and obtained a search warrant for that phone, seized 27 months earlier. *Id.* at pp. 2–3. On February 26, 2021, the search warrant was executed and the contents of the cell phone extracted. *Id.* at p.2.

The defendant in *Nguyen* argued that the evidence from his cell phone should be suppressed because of the unreasonable delay between the seizure of the cell phone and the application for a warrant to search it. *Id.* at p.2. This Court agreed. Following precedent from other U.S. Circuit

Courts of Appeal, the Court explained that the applicable analysis for the Court to consider including the following relevant factors: "[1] the length of the delay, [2] the importance of the seized property to the defendant, [3] whether the defendant had a reduced property interest in the seized item, and [4] the strength of the state's justification for the delay." *Id.* at p.3 (citing *United States v. Smith*, 967 F.3d 198, 206 (2d Cir. 2020); *United States v. Laist*, 702 F.3d 608, 613–14 (11th Cir. 2012)). In *Nguyen*, the Court found that the length of the delay, "from the seizure to the application for and issuance of a warrant was a *prima facie* unreasonable 27 months." *Id.* at p.3. Indeed, the Court noted that the government did not argue otherwise, and the government conceded the 27-month delay was unreasonable. *Id.*

This Court then turned to the justifications for the delay. The government had argued that the Iowa law enforcement officers "acted diligently to obtain the cell phone and a search warrant for it after learning that it was in the custody of the Mississippi police." *Id.* at p.2. This Court rejected that argument, explaining that "Iowa law enforcement and prosecutors should have known that the cell phone was seized as soon as they learned of the Mississippi traffic stop, and they should have acted diligently then to obtain the cell phone and a search warrant." *Id.* at p.3. This Court found that the Iowa law enforcement and the prosecutors "knew or should have known" about the cell phone "no later than April 23, 2019, when the indictment was superseded to charge a conspiracy beginning on or about the date of the Mississippi stop, some 21 months before they sought a warrant." *Id.* Moreover, this Court found that the law enforcement officer had let months go by between finding out about the cell phone seized in Mississippi and then requesting and applying for the search warrant. *Id.* at pp. 3–4. This Court further explained that the defendant, despite the cell phone being out of his possession for many months, still "had a significant interest in the cell phone and that he did nothing to consent to the seizure of or to diminish his interest in

10

that property." *Id.* at p.4 (citing *Smith*, 967 F.3d at 206; *Laist*, 702 F.3d at 613–14. This Court addressed the concern raised by the Eleventh Circuit in *Laist* related to "the government's legitimate interest in holding the property as evidence." *Id.* at p.4 (citing *Laist*, 702 F.3d at 614). This Court held that "[t]here was no legitimate interest in holding the property itself any longer than necessary to diligently obtain a warrant." *Id.* (citing *Illinois v. McArthur*, 531 U.S. 326, 334 (2001)).

This Court then turned to the government's assertion that the *Leon* good faith exception should apply. *Id.* at p.4. The government cited no authority for applying the *Leon* good faith exception given the unreasonable delay, because none exists. Indeed, application of the *Leon* good faith exception would have to ignore the principle that a well-trained officer is presumed to be aware that a seizure must last no longer than reasonably necessary for the police, acting with diligence, to obtain a warrant. In *Nguyen*, this Court found "that the government's reliance on *Leon*, based on an undisputed assertion that probable cause existed to search the cell phone, is misdirected." *Id.* at p.5. The error was not lack of probable cause – it was the unreasonable delay in seeking a search warrant. *Id.* at pp.5–6. This Court found the delay was not a "very close call." *Id.* at p.6. Rather, the "unreasonableness of the delay is patently obvious." *Id.*

Here, the delay in obtaining the April 2020 search warrants is "patently obvious." Significantly, the search warrants obtained in April 2020 were based almost exclusively on information known to the prosecutors and to law enforcement by June 2018. (*See* Ex. 1 to Gov't's Resp. to Mot. to Dismiss, Dkt. Not. 36-1; Ex. 10 to Gov't's Resp. to Mot. to Dismiss, Dkt. No. 36-10.) There is no new information in the affidavits that would have suddenly provided probable cause for the search warrants. The only "new" information was limited to information regarding a single interview with a suspected "John" and information already known to the FBI.

11

The government and law enforcement already obtained search warrants for these phones in June 2017 (for the Samsung Galaxy S8+) and March 2018 (for the Samsung Galaxy J1). The government may argue that the new April 2020 search warrant for the Samsung Galaxy S8+ was necessary because law enforcement had lost the full extraction of the phone from June 2017. (*See* Ex. 1 to Gov't's Resp. to Mot. to Dismiss, Dkt. No. 36-1, ¶ 44 ("A phone extraction was performed on the device. However, that extraction has not been able to be located.")) But law enforcement's carelessness is not a reasonable explanation for the nearly three-year delay in obtaining a new search warrant, particularly when the investigation into alleged sex trafficking by Mr. Thomas was ongoing over these many years.

When it comes to the government's anticipated argument for the need for a new search warrant in April 2020 for the Samsung Galaxy J1, it seems most likely that the government sought to obtain a new search warrant – despite having the extraction of the very same phone from March 2018 – because the government determined at that time that they did not want to call Officer Wilshusen. To be clear, defense counsel is not seeking suppression of the extraction for the Samsung Galaxy J1 that was obtained in March 2018. This motion seeks to suppress the April 2020 extraction for that same phone obtained by the April 2020 search warrant. The about two-year delay, or at best about 22-month delay, in obtaining that search warrant is not based in significant part on any new information. There is no reasonable justification for the substitution of the April 2020 extraction when the March 2018 extraction covers the same information.

This case presents facts seemingly more egregious than those presented in *Nguyen*. Like in *Nguyen*, there is no reasonable explanation for the delay. Here, the DMPD and the prosecutors knew years ago that the phones had been seized, and they even knew that extracts had been conducted. They were aware at least by June 2018 of allegations that Mr. Thomas had trafficked

three individuals. (*See* Ex. 10 to Gov't's Resp. to Mot. to Dismiss, Dkt. No. 36-10.) They then continued to investigate the case, knowing that extractions of the phones had already been conducted and were in the possession of DMPD and the prosecutors. Law enforcement and the prosecutors let months go by without taking diligent steps toward obtaining new extractions – indeed, there was no need for additional steps related to the phones because the phones had already been extracted. As in *Ngyuen*, no reasonable justification exists for the unreasonable delay, and the *Leon* good faith exception is inapplicable.

The Court should suppress the April 2020 extractions of the Samsung Galaxy S8+ and the Samsung Galaxy J1 because of the unconstitutionally unreasonable delay in obtaining the search warrants for the phones. To do otherwise would violate Mr. Thomas's Fourth Amendment right against unreasonable searches and seizures.

II. **If the Court does not grant this motion, the Court should exclude the April 2020 extractions, or summaries of those extractions, at trial unless the government lays the proper foundation and sufficiently authenticates those extractions.**

The government seems to have obtained new search warrants for the Samsung Galaxy S8+ and the Samsung Galaxy J1 in an effort to obtain new extractions for the devices so that the government would not have to rely on the old extractions obtained in June 2017 and March 2018, respectively. If the Court does not suppress the new extractions obtained in April 2020 for the unreasonable delay in obtaining those, Mr. Thomas objects to introduction of this evidence absent a sufficient foundation to authenticate the phones and extractions. To do that, the government will need to call Officer Wilshusen and Officer Westlake, who were in the chain of custody for the phones, to establish that the extractions are for the phones that they say they are for. *See* Fed. R. Evid. 901. Absent that, Mr. Thomas objects to introduction of the extractions for the phones, or summaries of those extractions, into evidence.

## **CONCLUSION**

The Court should grant this motion to suppress.

Respectfully submitted,

   /s/   *Andrew Graeve*
Andrew Graeve, Asst. Federal Defender
Mackenzi Nash, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: andrew_graeve@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

   */s/ Theresa McClure*