IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARLIN SANTANA THOMAS, <br><br> Defendant. | No. 4:20-cr-118-JAJ <br><br><br> **ORDER** |

    This case comes before the Court pursuant to Defendant's Motion to Suppress, [Dkt. 124], originally filed as an attachment to defendant's Motion for Leave to File, on March 17, 2021. [Dkt. 111]. On March 24, the government filed a resistance to the Motion for Leave, which included briefing on why the Motion to Suppress should be denied. [Dkt. 123 at 6–10].

BACKGROUND

    This Motion to Suppress relates to extractions of two cell phones. Each phone was seized by Des Moines Police Department ("DMPD")—one in 2017 and one in 2018—and searched pursuant to valid warrants. Officer Carney obtained and executed a second warrant for each phone in April 2020. Thomas only seeks to suppress the extractions completed pursuant to these second warrants.

    The first cell phone was a Samsung Galaxy S8+. In February 2017, DMPD began investigating Thomas for sex trafficking Minor Victim A. [Def. Ex. B., Dkt. 30-3]. Police obtained a warrant for Thomas's arrest, which Officer Lucas Harden executed on May 24, 2017. [Gov. Ex. 1, Dkt. 123-1]. While executing the warrant, Officer Harden seized Thomas's S8+. [*Id.*]. DMPD Officer Westlake received a state search warrant that phone on June 2, 2017. [Gov. Ex. 2, Dkt. 123-2, at 1]. The warrant permitted Officer Mike Westlake to search the device for evidence related to child pornography. [*Id.*]. An analyst retrieved a partial extraction of the S8+ on June 2, 2017. [Gov. Ex. 3, Dkt. 123-3].

    On April 10, 2020, Officer Brady Carney received a federal search warrant for the S8+. [Gov. Ex. 7, Dkt. 123-7]. That warrant authorized the search of the S8+ for evidence related to

human trafficking. [*Id.*]. Analyst Andrew Johnson extracted the data on April 16, 2020 and created an Extraction Report on April 24, 2020. [Gov. Ex. 8, Dkt. 123-8]. On September 10, 2020, as part of its original discovery disclosure, the government disclosed to Thomas the 2017 partial extraction. [Gov. Ex. 11, Dkt. 123-11, at 1]. The government disclosed the 2020, complete extraction on March 5, 2021. [*Id.* at 5].

The second phone at issue here is a Samsung Galaxy J1. On February 28, 2018, as part of a federal heroin investigation into Thomas, Officer Todd Wilshusen obtained a federal search warrant for Thomas's Meredith Drive apartment. [Def. Ex. F, Dkt. 30-7, at 1]. While searching the apartment, Officer Carney seized the J1. [Gov. Ex. 4, Dkt. 123-4, at 2]. Officer Wilshusen obtained a federal warrant to search the J1 for evidence of drug trafficking on March 9, 2018. [Gov. Ex. 5, Dkt. 123-5]. The phone was extracted on March 19, 2018. [Gov. Ex. 6, Dkt. 123-6].

Officer Carney obtained a second federal search warrant for the J1 on April 24, 2020. [Gov. Ex. 9, 123-9]. The same day, analyst Andrew Johnson performed an extraction on the J1. [Gov. Ex. 10, Dkt., 123-10]. The government disclosed the 2018 J1 extraction to Thomas on September 10, 2020. [Gov. Ex. 11, Dkt. 123-11, at 3]. The government disclosed the 2020 J1 extraction to Thomas on December 11, 2020. [*Id.* at 5]. The 2018 and 2020 extractions of the J1 are "substantially identical (with the same call logs, text messages, and contacts)." [Def. Br., Dkt. 124-1 at 2].

## LEGAL STANDARD

Police may seize property without a warrant if they have probable cause to believe the property contains evidence of a crime, and it is necessary to seize the property to prevent the destruction of that evidence, "provided that they follow up by applying to a judge for a warrant to search the property's contents." *United States v. Smith*, 967 F. 3d 198, 205 (2nd Cir. 2020). "A temporary warrantless seizure supported by probable cause is reasonable as long as 'the police diligently obtained a warrant in a reasonable period of time.'" *United States v. Laist*, 702 F.3d 608, 613 (11th Cir. 2012) (quoting *Illinois v. McArthur*, 531 U.S. 326, 334 (2001)). Courts consider several factors to determine if the delay between seizure and the application for the warrant is reasonable, including "[1] the length of the delay, [2] the importance of the seized property to the defendant, [3] whether the defendant had a reduced property interest in the seized item, and [4] the strength of the state's justification for the delay." *Smith*, 967 F.3d at 206; *see also Laist*, 702 F.3d

at 613-14 ("In the past, courts have identified several factors highly relevant to this inquiry: first, the significance of the interference with the person's possessory interest; second, the duration of the delay; third, whether or not the person consented to the seizure; and fourth, the government's legitimate interest in holding the property as evidence." (citations omitted)).

## ANALYSIS

There was no unreasonable delay in searching Thomas's phones. The Fourth Amendment requires that when police seize a cell phone, they promptly apply for a warrant and search the device soon after. *Laist*, 702 F.3d at 613–14. That happened in this case when DMPD obtained a warrant for the S8+ on June 2, 2017, and a warrant for the J1 on March 9, 2018. Each warrant was issued less than ten days after the device had been seized. And once the warrants were issued DMPD promptly searched the devices, Thus, DMPD acted diligently and obtained search warrants within a reasonable period of time. *Id.* at 613; *see also McArthur*, 531 U.S. at 334. There was no Fourth Amendment violation in these original searches.

Because the original searches of the phones did not violate the Constitution, the 2020 searches were also reasonable under the Fourth Amendment. After the devices were seized, Thomas had a right to have a neutral judge determine whether there was probable cause that they contained contraband or evidence of a crime. That right was vindicated by the 2017 and 2018 warrants. By the time Officer Carney applied for the second warrants in April 2020, Thomas's rights had already been protected by the earlier, prompt warrants. Therefore, the evidence of the April 2020 extractions will not be suppressed.

Upon the foregoing,

**IT IS ORDERED** that defendant's March 17, 2021 Motion to Suppress [Dkt. 124] is **denied**.

**DATED** this 30th day of March, 2021.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA