UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:20-CR-118 |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| MARLIN SANTANA THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"),
Defendant, Marlin Santana Thomas, and Defendant's attorney, enter into this Plea
Agreement.

A.    **CHARGES**

1.    <u>Subject Offenses</u>.   Defendant will plead guilty to Counts 1, 2, 3, 8, 11,
and 16 of the Superseding Indictment, that is, Sex Trafficking by Force, Fraud, and
Coercion, in violation of Title 18, United States Code, Section 1591(a)(1) and
1591(b)(1).

2.    <u>Charges Being Dismissed</u>.   If the Court accepts this Plea Agreement,
Counts 4, 5, 6, 7, 9, 10, 12, and 17 of the Indictment will be dismissed at the time of
sentencing.

B.    **MAXIMUM PENALTIES**

3.    <u>Maximum and Mandatory Minimum Punishment</u>.    Defendant
understands that the crimes to which Defendant is pleading guilty in Counts 1, 2, 3,
8, 11, and 16 of the Superseding Indictment each carry a mandatory minimum
sentence of at least 15 years in prison and a maximum sentence of life in prison; a

maximum fine of $250,000; and a term of supervised release of no less than 5 years up to life.   A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant also understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e).   No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. Defendant understands that these sentences may be imposed consecutively.

4.     <u>Supervised Release--Explained</u>.   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.   If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 5 years in prison, without any credit for time previously served.

5.     <u>Detention</u>.   Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

C.     NATURE OF THE OFFENSE – FACTUAL BASIS

6.     <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under **Counts 1, 2, 3, 8, and 11 (Sex Trafficking by Force, Fraud,**

**or Coercion),** the Government would be required to prove beyond a reasonable doubt the following elements:

     (a)    On or about the date(s) charged, Defendant knowingly recruited, enticed, harbored, transported, provided, or obtained by any means the person listed;

     (b)    Defendant did so knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause the person identified to engage in a commercial sex act; and

     (c)    Defendant's acts were in or affected interstate commerce.

Defendant further understands that to prove the offense alleged under **Count 16 (Sex Trafficking by Force, Fraud, or Coercion),** the Government would be required to prove beyond a reasonable doubt the following elements:

     (a)    On or about the date(s) charged, Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited Victim 7;

     (b)    Defendant did so knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause the person identified to engage in a commercial sex act; and

     (c)    Defendant's acts were in or affected interstate commerce.

7.    <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to each subject offense. Defendant acknowledges that these statements are true.

8.    <u>Truthfulness of Factual Basis</u>.  Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant

questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9.   <u>Waiver of Rule 410 Rights</u>.   Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under Attachment A, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case. The Rule 410 waiver shall not apply if Defendant were permitted to withdraw Defendant's guilty plea pursuant to paragraph 26 of this plea agreement after successfully appealing the denial of Defendant's motion to dismiss entered on February 2, 2021 (Court's Docket No. 59).

10.   <u>Venue</u>.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.   SENTENCING**

11.   <u>Sentencing Guidelines</u>.   Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing range based upon factors determined to be present

in the case, which include, but are not limited to the following:

    (a)    The nature of the offenses to which Defendant is pleading guilty;

    (b)    The number of victims;

    (c)    Whether a computer was used in the offense;

    (d)    Whether the defendant unduly influenced a minor to engage in prohibited sexual conduct;

    (e)    Whether the offense involved the commission of a sexual act or sexual contact;

    (f)    Whether the defendant knew or should have known that a victim of the offense was a vulnerable victim;

    (g)    Whether a victim was physically restrained in the course of the offense;

    (h)    Defendant's role in the offense;

    (i)    Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

    (j)    The nature and extent of Defendant's criminal history (prior convictions); and

    (k)    Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

    12.    <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a).

The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. The parties understand and agree that the government will not move for the third level of acceptance of responsibility under §3E1.1(b).

13.   Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.   Disclosure of Presentence Investigation Reports. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15.   Evidence at Sentencing. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea,

provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E.   **FINES, COSTS, AND RESTITUTION**

18. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

VHB 5/8/2021
M.S.T. 5/6/2021
MN

19.   <u>Special Assessment</u>.   Defendant agrees to pay the mandatory special
assessment of $~~X~~00 ($100 per count) at or before the time of sentencing, as required
by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines
Defendant to be a non-indigent person, pursuant to Title 18, United States Code,
Section 3014(a)(3), it shall impose an assessment of $5,000 per count.

20.   <u>Restitution</u>.   Defendant agrees that the Court should impose an order
of restitution for all relevant conduct in an amount to be determined by the Court;
that such order of restitution shall be due and payable immediately; and that if
Defendant is not able to make full payment immediately, Defendant shall cooperate
with the United States Probation Office in establishing an appropriate payment plan,
which shall be subject to the approval of the Court, and thereafter in making the
required payments.   Any such payment plan does not preclude the Government from
utilizing any collections procedures pursuant to the Federal Debt Collections Act and
including the Treasury offset program.

**F.   LIMITED SCOPE OF AGREEMENT**

21.   <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in
any way, the right or ability of the Government to investigate or prosecute Defendant
for crimes occurring outside the scope of this Plea Agreement.   Additionally, this
Plea Agreement does not preclude the Government from pursuing any civil or
administrative matters against Defendant, including, but not limited to, civil tax

matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

22.     <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

23.     <u>Sex Offender Registry</u>.   Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life.   Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information.   Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information.   Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.   As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state

of Iowa, and shall also register with the state sex offender registration agency in any
state where Defendant resides, is employed, works, or is a student, as directed by the
Probation Officer.   Defendant shall comply with all requirements of federal and state
sex offender registration laws, including the requirement to update Defendant's
registration information.   Defendant shall provide proof of registration to the
Probation Officer within 72 hours of release from imprisonment.

24.     <u>Victims not a party to this agreement</u>.   Defendant understands that the
victims, including Victims 1, 2, 4, 5, 6, 7, 8, and Minor Victim A, are not parties to
this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this
criminal case do not resolve any claims that the victims may have against Defendant.
Defendant understands that the victims remain free to pursue all lawful civil
remedies it may deem appropriate.

## G.   WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

25.     <u>Trial Rights Explained</u>.   Defendant understands that this guilty plea
waives the right to:

    (a)    Continue to plead not guilty and require the Government to prove
the elements of the crime beyond a reasonable doubt;

    (b)    A speedy and public trial by jury, which must unanimously find
Defendant guilty before there can be a conviction;

    (c)    The assistance of an attorney at all stages of trial and related
proceedings, to be paid at Government expense if Defendant
cannot afford to hire an attorney;

    (d)    Confront and cross-examine adverse witnesses;

    (e)    Present evidence and to have witnesses testify on behalf of

Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)     Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)     If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26.     <u>Limited Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges, or to the Court's entry of judgment against Defendant; except that both Defendant and the Government preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law, and pursuant to Federal Rule of Criminal Procedure 11(a)(2), Defendant preserves the right to appeal the Court's denial of Defendant's motion to dismiss entered on February 2, 2021 (Court's Docket No. 59). [1] Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

---

[1] If Defendant prevails on appeal, Defendant would then be permitted to withdraw Defendant's plea of guilty.   The parties jointly seek consent of the Court to preserve this matter for appellate review.

11

**H.    VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

27.    <u>Voluntariness of Plea</u>.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)    No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)    Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28.    <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)    Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.   Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

29.    <u>Entire Agreement</u>.   This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30.    <u>Public Interest</u>.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31.    <u>Execution/Effective Date</u>.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32.    <u>Consent to Proceed by Video Conferencing</u>. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.    SIGNATURES

33.    <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am

13

satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_____5|8|21_____                    _____Mal_____
Date                                   Marlin Santana Thomas

34.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.   I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_____5|8|21_____                    _____
Date                                   Andrew Graeve
                                       Mackenzi Nash
                                       Assistant Federal Public Defenders
                                       Attorneys for Marlin Santana Thomas
                                       400 Locust Street, Suite 340
                                       Des Moines, IA 50309
                                       (515) 309-9630

14

35.   <u>United States</u>.   The Government agrees to the terms of this Plea Agreement.

<div style="margin-left: 40%;">

Richard D. Westphal
Acting United States Attorney

</div>

5/8/2021          By:   _____
Date                    Virginia M. Bruner
                        Amy Jennings
                        Assistant U.S. Attorneys
                        U.S. Courthouse Annex, Suite 286
                        110 East Court Avenue
                        Des Moines, Iowa 50309
                        Telephone:  515-473-9300

Attachment "A"

STIPULATION OF FACTS

Count 1, Victim 1

1.  From in or about September 2009, and continuing through in or about November 2010, the Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 1, an adult female. For example, Defendant transported Victim 1 to hotels/motels in the Southern District of Iowa and Chicago, Illinois, to engage in commercial sex acts. Defendant also posted Victim 1 on the online escort website Backpage for the purpose of soliciting commercial sex.

2.  Defendant did so knowing that means of force, threats of force, fraud, coercion, and a combination of those means would be used to cause Victim 1 to engage in a commercial sex act. For example, Victim 1 told Defendant multiple times that she did not want to engage in commercial sex acts. Defendant pressured her to continue to engage in commercial sex acts and continued to arrange for her to engage in commercial sex acts. On at least one occasion, Defendant used physical violence towards Victim 1, punching her in the face. Defendant took the proceeds from the commercial sex acts.

3.  The offense was in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were part of a national chain and housed out of state customers, Defendant transported Victim 1 outside of the state of Iowa, and Defendant used the Internet and a cellular telephone to solicit clients for commercial sex acts.

Count 2, Victim 4

4.  From in or about May 2010, and continuing through in or about September 2010, the Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 4, an adult female. For example, Defendant arranged for Victim 4 to engage in commercial sex acts in hotels/motels in the Southern District of Iowa.  Defendant also posted Victim 4 on the online escort website Backpage for the purpose of soliciting commercial sex.

5.  Defendant did so knowing that means of force, threats of force, fraud, coercion, and a combination of those means would be used to cause Victim 4 to engage in a commercial sex act. Defendant used physical violence

16

towards Victim 4 to get her to engage in commercial sex acts, and took the proceeds from the commercial sex acts.

6. The offense was in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were part of a national chain and housed out of state customers, and Defendant used the Internet and a cellular telephone to solicit clients for commercial sex acts.

## Count 3, Victim 2

7. From in or about July 2010, and continuing through in or about November 2010, the Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 2, an adult female. For example, Defendant transported Victim 2 to hotels/motels in the Southern District of Iowa, Illinois, and North Dakota to engage in commercial sex acts.   Defendant also posted Victim 2 on the online escort website Backpage for the purpose of soliciting commercial sex.

8. Defendant did so knowing that means of force, threats of force, fraud, coercion, and a combination of those means would be used to cause Victim 2 to engage in a commercial sex act. Defendant used physical violence towards Victim 2 to get her to engage in commercial sex acts, ~~threatened to hurt her child,~~ and took money from the commercial sex acts.

*[handwritten in margin: 5/8/2021 MN M.S.T. (VHB) 5/8/2021]*

9. The offense was in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were part of a national chain and housed out of state customers, Defendant transported Victim 2 outside of the state of Iowa, and Defendant used the Internet and a cellular telephone to solicit clients for commercial sex acts.

## Count 8, Victim 5

10. Beginning in or before 2010, and continuing through in or about November 2011, the Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 5, an adult female. For example, Defendant transported Victim 5 to hotels/motels in the Southern District of Iowa, Illinois, and Kansas City, Missouri to engage in commercial sex acts.   Defendant also posted Victim 5 on the online escort website Backpage for the purpose of soliciting commercial sex.

11. Defendant did so knowing that means of force, threats of force, fraud, coercion, and a combination of those means would be used to cause Victim 5 to engage in a commercial sex act. Defendant acted like a boyfriend to Victim 5 at times, and convinced her that she could demonstrate her love

17

for him by engaging in commercial sex acts.  At other times Defendant used physical violence towards Victim 5, including on at least one occasion by physically assaulting her when she told him she did not want to engage in commercial sex acts that night.

12. The offense was in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were part of a national chain and housed out of state customers, Defendant transported Victim 5 outside of the state of Iowa, and Defendant used the Internet and a cellular telephone to solicit clients for commercial sex acts.

Count 11, Victim 6

13. From in or about November 2014, and continuing through in or about March 2015, the Defendant did knowingly recruit, entice, harbor, transport, provide, and obtain Victim 6, an adult female. For example, Defendant arranged for Victim 6 to engage in commercial sex acts in hotels/motels in the Southern District of Iowa.   Defendant posted Victim 6 on the online escort websites Backpage for the purpose of soliciting commercial sex.

14. Defendant did so knowing that means of force, threats of force, fraud, coercion, and a combination of those means would be used to cause Victim 6 to engage in a commercial sex act. For example, Victim 6 told Defendant multiple times that she did not want to engage in commercial sex acts. Defendant pressured her to continue to engage in commercial sex acts and continued to arrange for her to engage in commercial sex acts. On at least one occasion, Defendant used physical violence towards Victim 6, assaulting her in her home when she told him she was done engaging in commercial sex acts. Defendant told Victim 6 she would keep proceeds of the commercial sex acts, but kept the proceeds for himself.

15. The offense was in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were part of a national chain and housed out of state customers, and Defendant used the Internet and a cellular telephone to solicit clients for commercial sex acts.

Count 12, Minor Victim A

16. From on or about February 6, 2017, through on or about February 10, 2017, the Defendant did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain Minor Victim A. For example, Defendant housed Minor Victim A in his residence and at motels in the Southern District of Iowa, transported her to motels, and communicated with

18

individuals to arrange for Minor Victim A to engage in commercial sex acts.

17. Defendant did so knowing that Minor Victim A would be caused to engage in a commercial sex act.

18. At the time of the offense, Minor Victim A was 14 years old, and Defendant knew that Minor Victim A had not attained the age of 18 years.

19. The offense was in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were part of a national chain and housed out of state customers, and Defendant used the Internet and a cellular telephone to solicit clients for commercial sex acts.

Count 16, Victim 7

20. From in or about August 2017, and continuing through on or about February 28, 2018, the Defendant did knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit Victim 7, an adult female. For example, Defendant transported Victim 7 to his own residence and to hotels/motels in the Southern District of Iowa to engage in commercial sex acts. Defendant posted Victim 7 on the online escort website Backpage for the purpose of soliciting commercial sex, and communicated with individuals who responded to ads on Backpage in order to arrange for Victim 7 to engage commercial sex acts. Defendant also engaged in sex acts himself with Victim 7 in exchange for providing Victim 7 heroin.

21. Defendant did so knowing that means of force, threats of force, fraud, coercion, and a combination of those means would be used to cause Victim 7 to engage in a commercial sex act. For example, Defendant knew that Victim 7 was addicted to heroin, and arranged for her to engage in sex acts with himself and others in exchange for providing her with heroin. Defendant often limited the heroin he gave her to small quantities to keep her engaging in sex acts. Defendant kept the money from the commercial sex acts. Defendant also physically assaulted Victim 7 on at least one occasion.

22. The offense was in or affecting interstate commerce in that, among other things, the commercial sex acts occurred at hotels/motels that were part of a national chain and housed out of state customers, and Defendant used the Internet and a cellular telephone to solicit clients for commercial sex acts.

Conclusion

23. Defendant agrees that one or more of the acts constituting the offenses charged in Counts 1, 2, 3, 8, 11, and 16 of the Superseding Indictment occurred in the Southern District of Iowa.

24. Defendant hereby certifies that the facts set forth above are true and accurate to the best of Defendant's knowledge.

5/8/21
Date

Marlin Santana Thomas
Defendant

5/8/2021
Date

Andrew Graeve
Mackenzi Nash
Attorneys for Marlin Santana Thomas

Richard D. Westphal
Acting United States Attorney

5/8/2021
Date

By:

Virginia M. Bruner
Amy Jennings
Assistant United States Attorneys

20